**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**BARBARA JEAN SMITH, et al.**                                                    **PLAINTIFFS**

**V.**                                                                          **NO. 4:05CV166-M-A**

**COLDWELL BANKER REAL ESTATE CORP., et al**        **DEFENDANTS**

**ORDER**

This cause comes before the court Defendant Coldwell Banker Real Estate Corporation's motions to consolidate cases [156] and dismiss the plaintiffs' RICO claims [169].

The defendant has moved that these cases be consolidated for pre-trial purposes.[1] As this court has previously noted in other Coldwell Banker cases, it sees little benefit to be gained by consolidating the cases pending before it for pre-trial purposes, given that each action has developed a unique procedural history (and a unique law of the case) reflected in the docket in each case. In the court's view, combining the pre-trial motions in these cases into a single docketed action would only lead to needless confusion regarding the specific history of each case and would make each pre-trial ruling by this court a challenge to incorporate the diverse procedural histories applicable to the various litigants. The question of whether pre-trial consolidation would assist a particular trial court is one which each court must make for itself, but, as far as this court is concerned, such consolidation would create more problems than it would solve. If the court should later decide that the advantages of consolidation would

---

[1]Defendants acknowledge that separate trials will be required, and they seek consolidation solely for pre-trial purposes.

1

outweigh its disadvantages, then it will so notify the parties.  At this juncture, however, the motion will be denied.

The defendant's motion to dismiss argues that the RICO claims in plaintiff's complaint should be dismissed for failure to comply with relevant Fifth Circuit precedent relating to the particularity of pleadings in statutory fraud actions.  Defendant notes that, in a June 20, 2006 order, this court previously accepted plaintiff's invitation to amend her complaint to make more specific RICO allegations.  Subsequent to that order, plaintiff amended the RICO allegations in her complaint.  This court also notes that Judge Davidson and Judge Pepper have each found that less detailed complaints in other Coldwell Banker cases virtually identical to this one sufficiently stated RICO claims for the purposes of a Rule 12 motion to dismiss.  *See, e.g. Johnson v. Coldwell Real Estate Corp.,* 2006 WL 2403539 (N.D. Miss. 2006) (concluding that "the plaintiffs have met their pleading burden placed upon them by Rule 9(b) regarding their RICO claims"). While this court is not bound by these decisions of other district judges, it does find their rulings to be persuasive, and the court therefore agrees with plaintiff that the complaint in this case sufficiently states RICO claims to survive a Rule 12 motion to dismiss.

It is therefore ordered that defendant's motions [156] to consolidate and to dismiss [169] are DENIED.

SO ORDERED this 28th day of November, 2006.


                /s/ Michael P. Mills
                **UNITED STATES DISTRICT JUDGE**