# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

---

**BARBARA JEAN SMITH, et al.**                                              **PLAINTIFFS**

**V.**                                                                      **CASE NO. 4:05cv166**

**COLDWELL BANKER REAL ESTATE CORP., et al**                               **DEFENDANTS**

---

## ORDER

This cause comes before the court on the motion [220] of defendant Coldwell Banker Real Estate Corporation to sever the plaintiffs' claims and order separate trial of each plaintiff's individual claims.  The court has reviewed the memoranda and submissions and is prepared to rule.

Fifty-nine plaintiffs have filed forty-five suits asserting fraud-based RICO claims as well as state common law claims for fraud, misrepresentation, breach of fiduciary duty, deceptive sales practices, and intentional infliction of emotional distress related to the purchases of homes in the Greenwood area.  Coldwell Banker contends that the plaintiffs' claims are misjoined under Rule 20 and that severance pursuant to Rule 42(b) is warranted to avoid prejudice because each plaintiff's claim involves a unique set of circumstances particular to that party.  The plaintiffs contend that severance is not warranted because each action has as a common nexus of fact that the plaintiffs are all victims of an organized crime ring operating out of the Coldwell Banker office in Greenwood, MS.  The plaintiffs also note that severance of the claims would convert a single lawsuit into over forty separate cases.

Joinder and Severance of Parties and Claims Pursuant to Fed. R. Civ. Pro. 20 and 21

Rule 20(a) states that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same

transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." According to Rule 21, parties "may be dropped or added by order of the court on motion of any party or of its own initiative," and any "claim against a party may be severed and proceeded with separately." The determination of a motion to sever is within the discretion of the court. *Bolling v. Mississippi Paper Co.*, 86 F.R.D. 6 (N.D. Miss. 1979).

Coldwell Banker filed an identical motion in *Hodges v. Coldwell Banker Real Estate Corp., et al.*, 4:05cv168. While there are fifty-nine (59) plaintiffs in the instant matter as opposed to the five plaintiffs in *Hodges*, this court finds Judge Pepper's analysis relevant. It is clear that despite the existence of factual differences in the allegations of the parties, there are some questions of fact common to all the plaintiffs. Coldwell Banker admits that there are questions of law common to all plaintiffs. As in *Hodges*, the only question that remains is whether there is a common transaction or occurrence or series of transactions or occurrences among the parties.

In finding that the plaintiffs' claims were logically and reasonably related and denying Coldwell Banker's motion to sever pursuant to Rule 20, Judge Pepper stated:

> Though each of the three groups of plaintiffs in this case may have purchased different houses at different times and dealt with different people who made different fraudulent misrepresentations, what is the same is that all of the plaintiffs dealt with the alleged RICO enterprise. Proof of the entire RICO enterprise is necessary for all of the plaintiffs, therefore it makes little practical difference, for example, whether two plaintiffs dealt exclusively with Jim Pruett and another dealt with Ken Ellis since Jim Pruett and Ken Ellis are part of the larger, alleged enterprise.

This court agrees with Judge Pepper's reasoning. Despite the fact that the parties purchased different houses at different times, each of the plaintiffs in this case dealt with the same alleged RICO enterprise. Further, there are several figures central to the alleged conspiracy

who would testify in each of the severed actions.  Accordingly, this court finds that the motion to sever must be denied.

Separate Trials Pursuant to Rule 42(b)

Coldwell Banker has also moved for a separate trial pursuant to Rule 42(b), which states that a court may order separate trials in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy.  Separate trials in this matter would not be conducive to expedition, nor would it be in the interests of judicial economy.  As stated previously, several central figures to this litigation will necessarily participate in every trial. Having forty-five separate trials to demonstrate the same proof would constitute a drain on this court's resources.

Currently, there are twenty-three "Coldwell Banker" cases pending in the Northern District of Mississippi.  The trial settings in these cases currently extend into the year 2013. Setting forty-five more "Coldwell Banker" cases may realistically mean that some of the plaintiffs will be required wait over a decade to litigate their claims.  In the words of William Gladstone, "justice delayed, is justice denied."  Therefore, the motion [220] for a separate trial is also denied.

This the 11th day of September, 2007.

/s/ Michael P. Mills
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**