# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**BARBARA JEAN SMITH, et al.**                                    **PLAINTIFFS**

**vs.**                                    **CIVIL ACTION NO. 4:05cv166-M-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**          **DEFENDANTS**

-and-

**JAMES AND PATRICIA SHELLY**                                    **PLAINTIFFS**

**vs.**                                    **CIVIL ACTION NO. 4:05cv167-M-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**          **DEFENDANTS**

-and-

**ROZELL AND LINDA HODGES, et al.**                              **PLAINTIFFS**

**vs.**                                    **CIVIL ACTION NO. 4:05cv168-P-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**          **DEFENDANTS**

-and-

**KITTY HEMPHILL, et al.**                                       **PLAINTIFFS**

**vs.**                                    **CIVIL ACTION NO. 4:05cv169-P-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**          **DEFENDANTS**

-and-

**JOHNNY AND MARY PRICE, et al.**                                **PLAINTIFFS**

**vs.**                                    **CIVIL ACTION NO. 4:05cv170-D-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**          **DEFENDANTS**

-and-

| | |
|---|---|
| **DIANE JOHNSON, et al.** | **PLAINTIFFS** |
| **vs.** | **CIVIL ACTION NO. 4:05cv172-P-A** |
| **COLDWELL BANKER REAL ESTATE CORP., et al.** | **DEFENDANTS** |

**-and-**

| | |
|---|---|
| **WILLIE SANDIFER, et al.** | **PLAINTIFFS** |
| **vs.** | **CIVIL ACTION NO. 4:05cv173-P-A** |
| **COLDWELL BANKER REAL ESTATE CORP., et al.** | **DEFENDANTS** |

**-and-**

| | |
|---|---|
| **MELVIN JEROME MURRY, et al.** | **PLAINTIFFS** |
| **vs.** | **CIVIL ACTION NO. 4:05cv174-M-A** |
| **COLDWELL BANKER REAL ESTATE CORP., et al.** | **DEFENDANTS** |

**-and-**

| | |
|---|---|
| **JOHN L. HARVEY, JR., et al.** | **PLAINTIFFS** |
| **vs.** | **CIVIL ACTION NO. 4:05cv175-D-A** |
| **COLDWELL BANKER REAL ESTATE CORP., et al.** | **DEFENDANTS** |

**-and-**

| | |
|---|---|
| **JEROME C. HARRIS, et al.** | **PLAINTIFFS** |
| **vs.** | **CIVIL ACTION NO. 4:05cv176-D-A** |
| **COLDWELL BANKER REAL ESTATE CORP., et al.** | **DEFENDANTS** |

**-and-**

| | |
|---|---|
| **ANTHONY EDWARDS, et al.** | **PLAINTIFFS** |
| **vs.** | **CIVIL ACTION NO. 4:05cv177-P-A** |

**COLDWELL BANKER REAL ESTATE CORP., et al.**                                    **DEFENDANTS**

-and-

**ROSA BARBOSA, et al.**                                                          **PLAINTIFFS**

vs.                                                    **CIVIL ACTION NO. 4:05cv178-P-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                                    **DEFENDANTS**

-and-

**TAMARA ANDERSON, et al.**                                                       **PLAINTIFFS**

vs.                                                    **CIVIL ACTION NO. 4:05cv179-D-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                                    **DEFENDANTS**

-and-

**IVORY HARRIS, et al.**                                                          **PLAINTIFFS**

vs.                                                    **CIVIL ACTION NO. 4:05cv180-M-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                                    **DEFENDANTS**

-and-

**BROOK SIVLEY**                                                                   **PLAINTIFF**

vs.                                                    **CIVIL ACTION NO. 4:05cv191-M-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                                    **DEFENDANTS**

-and-

**ANTHONY WILLIAMS, et al.**                                                      **PLAINTIFFS**

vs.                                                    **CIVIL ACTION NO. 4:05cv192-D-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                                    **DEFENDANTS**

-and-

**ERNESTEANE AND ELEX POLK**                                                      **PLAINTIFFS**

| | |
|---|---|
| vs. | **CIVIL ACTION NO. 4:05cv193-D-A** |
| **COLDWELL BANKER REAL ESTATE CORP., et al.** | **DEFENDANTS** |

-and-

| | |
|---|---|
| **JOHN AND KAIFER HOLSTON, et al.** | **PLAINTIFFS** |
| vs. | **CIVIL ACTION NO. 4:05cv194-P-A** |
| **COLDWELL BANKER REAL ESTATE CORP., et al.** | **DEFENDANTS** |

-and-

| | |
|---|---|
| **CATASHA AND CHARLES BROWN, et al.** | **PLAINTIFFS** |
| vs. | **CIVIL ACTION NO. 4:05cv195-P-A** |
| **COLDWELL BANKER REAL ESTATE CORP., et al.** | **DEFENDANTS** |

-and-

| | |
|---|---|
| **DOROTHY HARRIS, et al.** | **PLAINTIFFS** |
| vs. | **CIVIL ACTION NO. 4:05cv196-P-A** |
| **COLDWELL BANKER REAL ESTATE CORP., et al.** | **DEFENDANTS** |

### ORDER DENYING MOTION TO COMPEL TESTIMONY

This case is before the Court on plaintiffs' second motion to compel testimony of Daniel Floyd. Previously the undersigned held that based on the Mississippi Supreme Court's decision in *Reed v. State*, 523 So.2d 62, 66 (Miss. 1988), Mr. Floyd had waived his rights against self incrimination as related to his plea agreement[1] and the 72-page statement he gave in August 2003. Accordingly, the court held that Mr. Floyd would be compelled to respond to questions

---

[1] In April 2005 Mr. Floyd pled guilty to charges of misprison of a felony and signed a plea agreement that states that he had failed to apprise legal authorities of the illegal conduct of others, about which he had knowledge. Mr. Floyd is currently incarcerated and awaiting sentencing on these federal charges in the Southern District of Mississippi. (*USA v. Daniel Floyd*, 3:05cr160-W-N).

4

related to both. Mr. Floyd's deposition was re-noticed by the plaintiffs for July 30, 2007.[2]

According to the plaintiffs' motion to compel presently before the court, Mr. Floyd "exhibited hostility toward counsel for plaintiff (and counsel's clients) from the outset of his deposition," "professed to have no recollection about assertions set forth in his [August 2003] statement," and "declared that he would not answer further questions put to him by counsel for the plaintiff (Thaxton), but [he] assured the remaining lawyers present that he was more than willing to answer any questions put to him by those lawyers (*i.e.*, lawyers that Mr. Floyd knew were representing clients adverse to Plaintiffs)." Plaintiffs have filed a motion to compel seeking the court's assistance to schedule and attend Mr. Floyd's deposition and to use the court's power at the reconvened deposition to order Mr. Floyd to comply with the court's previous Order and respond to Mr. Thaxton's questions. The court holds that plaintiff's motion to compel is not well taken and should be denied.

The court acknowledges that while Mr. Floyd has appointed counsel with respect to his own criminal case, and he has not been named as a defendant in these cases, he is not represented by counsel in these above styled civil cases. Nevertheless, the undersigned previously considered the plaintiffs' arguments regarding their right to depose Mr. Floyd, as well as Mr. Floyd's rights to preserve his Fifth Amendment privileges and his waiver of those rights. *See* Orders of this court dated February 20, 2007 and July 27, 2007. As previously ruled, Mr. Floyd has waived his

---

[2]Mr. Floyd's deposition was noticed and attended by all relevant parties and counsel on June 11, 2007. At that time Mr. Floyd expressed a concern that he was not represented by counsel and that he wanted to preserve his Fifth Amendment right against self-incrimination. The deposition was recessed. After the court's July 27, 2007 Order regarding Mr. Floyd's Fifth Amendment rights, the deposition was re-noticed and resumed on July 30, 2007. All relevant counsel and parties again attended.

5

Fifth Amendment rights against self-incrimination with respect not only to the charges to which he has pled guilty, but also to the information contained in his August 2003 statement. *See Brown v. State*, 935 So.2d 1122 (Miss. 2006) and *Reed v. State,* 523 So.2d 62, 66 (Miss. 1988). Although the court has broad discretion in dealing with discovery issues, and it would not be unfathomable that a court schedule and attend depositions in some situations where things have deteriorated to this degree, this particular situation is different. *Securities and Exchange Commission v. First Financial Group of Texas, Inc.,* 659 F.2d 660, 664-665 (5th Cir. 1981)*; See also U.S. v. DeFrantz,* 708 F.2d 310, 36 Fed.R.Serv.2d 751 (7th Cir. 1983); *Albert v. Starbucks Coffee Co. Inc.*, 213 Fed.Appx. 1 (D.C.Cir. 2007) *cert. denied Albert v. Starbucks Coffee Co., Inc.,* 127 S.Ct. 2944, 168 L.Ed.2d 270, 75 USLW 3661 (U.S.Dist.Col. Jun 11, 2007) *reh'g denied Albert v. Starbucks Coffee Co.,* Inc., --- S.Ct. ----, 2007 WL 2349951, 76 USLW 3065 (U.S. 2007).

This deposition has been scheduled and attended by counsel for plaintiffs and defendants twice thus far at a huge cost, as well as expense in time and energy. Moreover, the deponent is currently being held in federal custody in a state jail pending sentencing on his guilty plea. The court cannot secure Mr. Floyd's attendance at a deposition presided over by the court short of issuing a writ of habeas corpus *ad testificandum* for the deponent's presence in this court, which the court declines to do in this civil case. In this situation, it is clear that the witness, Mr. Floyd, is so antagonistic toward the plaintiffs' counsel that he simply does not want to say anything Mr. Thaxton or his clients want to hear. This case involves numerous parties and attorneys such that logistics of coordinating the court's calendar and the calendars of all necessary counsel would be

6

at least difficult if not impossible. In light of all the foregoing factors, the court concludes that the plaintiffs' motion to compel should be denied. The plaintiffs must proceed on the information and testimony already obtained from Mr. Floyd.

SO ORDERED.

THIS, the 16th day of October, 2007.

___/s/ S. Allan Alexander_____
UNITED STATES MAGISTRATE JUDGE