## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**CLEMMIE CLEVELAND, ET AL**                                    **PLAINTIFFS**

**vs.**                                    **CIVIL ACTION NO. 4:05CV10-M-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                    **DEFENDANTS**

**-and-**

**BARBARA JEAN SMITH, et al.**                                    **PLAINTIFFS**

**vs.**                                    **CIVIL ACTION NO. 4:05cv166-M-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                    **DEFENDANTS**

**-and-**

**KITTY HEMPHILL, et al.**                                    **PLAINTIFFS**

**vs.**                                    **CIVIL ACTION NO. 4:05cv169-P-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                    **DEFENDANTS**

**-and-**

**DIANE JOHNSON, et al.**                                    **PLAINTIFFS**

**vs.**                                    **CIVIL ACTION NO. 4:05cv172-P-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                    **DEFENDANTS**

**-and-**

**WILLIE SANDIFER, et al.**                                    **PLAINTIFFS**

**vs.**                                    **CIVIL ACTION NO. 4:05cv173-P-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                    **DEFENDANTS**

**-and-**

**MELVIN JEROME MURRY, et al.**                                    **PLAINTIFFS**

**vs.**                                    **CIVIL ACTION NO. 4:05cv174-M-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                    **DEFENDANTS**

**-and-**

**JEROME C. HARRIS, et al.**                                    **PLAINTIFFS**

**vs.**                                    **CIVIL ACTION NO. 4:05cv176-D-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                    **DEFENDANTS**

**-and-**

**IVORY HARRIS, et al.**                                    **PLAINTIFFS**

**vs.**                                    **CIVIL ACTION NO. 4:05cv180-M-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                    **DEFENDANTS**

**-and-**

**BROOK SIVLEY**                                    **PLAINTIFF**

**vs.**                                    **CIVIL ACTION NO. 4:05cv191-M-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                    **DEFENDANTS**

**-and-**

**ANTHONY WILLIAMS, et al.**                                    **PLAINTIFFS**

**vs.**                                    **CIVIL ACTION NO. 4:05cv192-D-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                    **DEFENDANTS**

**-and-**

**CATASHA AND CHARLES BROWN, et al.**                    **PLAINTIFFS**

**vs.**                                    **CIVIL ACTION NO. 4:05cv195-P-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                    **DEFENDANTS**

**-and-**

DOROTHY HARRIS, et al.                                                    PLAINTIFFS

vs.                                                   CIVIL ACTION NO. 4:05cv196-P-A

COLDWELL BANKER REAL ESTATE CORP., et al.                        DEFENDANTS

### ORDER REGARDING STATUS CONFERENCE

A status conference was held in the above referenced cases this day.  In accordance with

the rulings of the court in the conference, it is hereby **ORDERED**:

1.  Plaintiffs' motions to substitute party are **denied** until such time as an estate is opened

and an administrator is appointed for the estate of Jim Pruett, the deceased party.  Counsel for

plaintiffs and for Jim Pruett are to cooperate in assuring that an administrator is appointed by the

chancery court.  At such time, the court will entertain a second motion to substitute.

2.  Defendant State Bank and Trust Company's motions to compel supplemental

discovery responses are **granted**.  On or before January 15, 2008, the plaintiffs shall file

supplemental responses to interrogatories, propounded to plaintiffs by State Bank and Trust

Company including, but not limited to, Interrogatory No. 3's request for itemization of damages.

These responses must be specific and specifically tailored to each individual plaintiff and must

contain proper document identification, including Bates numbers.

3.  With regard to each motion to compel granted in number 2 above, the court grants the

mandatory sanctions of attorney's fees and expenses incurred in filing the motions to compel

pursuant to Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure.  Accordingly, the plaintiffs

shall be required to bear the defendant's reasonable expenses incurred in filing the motions.

Defendant State Bank & Trust Company shall submit an itemization of all reasonable expenses,

including attorneys' fees, incurred in connection with the instant motions within ten (10) days of

3

the date of this order. Plaintiffs may file objections to this itemization within twenty (20) days of

the date of this order. If no objections are filed, defendant's itemization of fees and expenses will

be deemed reasonable, and plaintiffs shall tender to defendants an amount equal to their total

costs within thirty (30) days of this order.

4. The court has duly considered plaintiff's motions for reconsideration of the court's

September 21, 2007 Order denying plaintiffs' motion to extend deadlines. The Fifth Circuit has

held that when considering a request for modification of a scheduling order, the court should

look to Fed.R.Civ.P. 16(b), which allows a scheduling modification only for good cause.

*Reliance Ins. Co. v. Louisiana Land and Exploration Co.*, 110 F.3d 253, 37 (5th Cir. 1997). In

determining whether "good cause" exists, the court must consider four factors:

>  "(1) the explanation for the failure to [designate expert witnesses on time]; (2) the
>
>  importance of the testimony; (3) potential prejudice in allowing the testimony; and
>
>  (4) the availability of a continuance to cure such prejudice."

*Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir.1990). Considering these factors and

applying the facts of the instant cases, the court concludes that the motions for reconsideration

are well taken and should be **granted**.

A.      The explanation of the failure. The plaintiffs have provided no legitimate

explanation for their failure to designate experts; they merely assert that counsel has been

working diligently and was simply unable to meet the deadline. In this case, the court finds that

whether plaintiffs' counsel has been working diligently is not the issue – there is no doubt that is

so. The issue is that the volume of cases that counsel filed mandates that counsel provide enough

manpower and hours to do the work required. Plaintiff's counsel's firm has been able to do what

is necessary to meet deadlines. Undoubtedly it is a mammoth undertaking – one about which the

undersigned warned counsel at the first status conference on April 15, 2006, advising that

counsel to assign more attorneys or paralegals to prosecution of these cases if they were unable to

meet court-imposed deadlines with the personnel then assigned. The court is not sympathetic to

counsel who have simply gotten in over their heads; it is understood that when an attorney agrees

to take and prosecute a case, he warrants that he can provide sufficient time and resources to

protect and advance the interests of his client. Counsel in this case undertook to represent some

150-odd plaintiffs, each of which embodies their own set of facts and requires individual

prosecution. However, in these multiple cases, the court is forced to look beyond counsel to the

parties. Counsels' failure to designate expert witnesses will irreparably prejudice the plaintiffs.

      B.      The importance of the testimony. As stated above, expert witnesses are critical to

the plaintiffs' cases. Such testimony is absolutely necessary to establish plaintiffs' right to

recover against the defendants and to establish the amount of damages each plaintiff has suffered.

      C.      Potential prejudice in allowing the testimony. Although allowing the requested

extensions of deadlines can be said to be prejudicial to defendants in the sense that defendants

have worked equally as hard as, if not harder than, the plaintiffs in this case, have met deadlines,

and have allotted necessary resources in terms of hours, organization, and strategy, nevertheless

two of these cases have been dismissed, which allows over ten months before the first of the

above-styled cases will go to trial. The court is able to cure any prejudice to the defendants by

allowing time to reopen and designate new or additional experts, if necessary, and to depose

experts. Thus, the actual prejudice to the defendants is minimal compared to the prejudice the

plaintiffs would suffer if deadlines were not re-opened and extended.

      D.      The availability of a continuance to cure such prejudice. Given that the first trial

set on the above referenced cases is scheduled for October 20, 2008, a continuance is not

necessary to cure the prejudice.  Time exists in the current schedule to allow for discovery and

deadlines to be reset and not affect the current trial settings in these cases.

Accordingly, the court holds that the deadlines in all of the above referenced cases should

be extended as follows:

| | |
|---|---|
| Plaintiffs' designation of expert witnesses - | February 1, 2008 |
| Defendants' designation of expert witnesses - | March 1, 2008 |
| Discovery regarding all issues except expert witnesses - | January 15, 2008 |
| Discovery regarding expert witnesses <u>only</u> - | April 1, 2008 |
| Motion filing  - | April 10, 2008 |

The court should not have to say this, but given the current situation, it may need to be said:  This

is the proverbial third bite at the apple for the plaintiffs.  Deadlines have been extended in these

cases upon request of the plaintiff's on more than one occasion.  In this instance, the third time

will necessarily have to be the charm.  Plaintiff's counsel has exhausted any grace to which they

might otherwise be entitled.

SO ORDERED.

THIS, the 21st  day of November, 2007.


_____/s/ S. ALLAN ALEXANDER_____
UNITED STATES MAGISTRATE JUDGE